LAW OFFICE OF JENNIFER E. TUCEK, PC
641 Lexington Avenue, 15th Floor
New York, New York 10022
(917) 669-6991
TucekLaw@Gmail.com

January 30, 2025

<u>VIA ECF</u>
Judge Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

           Re: *Dunston v. 243 Dekalb Ave., LLC et al.*
           24-cv-4437 (BMC)

Dear Judge Cogan:

  I represent the Plaintiff in the above-referenced matter. I write to seek clarification of Your Honor's 1/30 Order. The Memorandum, Decision and Order states, "that to ensure that this action has been brought for Plaintiff's benefit and not the benefit of her attorney, enforcement of that portion of the judgment requiring the payment of the $9,000 fees is stayed pending a showing by Plaintiff that… "(b) the remedial changes contemplated in each of Plaintiffs other actions brought in this court have also been implemented…Because the settlement agreements for those other actions, if there are any, have not been publicly filed, they shall be submitted together with proof of performance." (Docket No. 21 at p. 4, 5). This language does not appear in the Judgment and Final Injunction (Docket No, 22)

  Plaintiff has filed 43 cases since 2017. I have represented Plaintiff in a small number of cases since 2024. Is the Court directing me to file 43 Agreements prepared by attorneys other than myself six years ago?

  I cannot speak for what other attorneys may do, but I always seek a follow-up visit to the premises at issue and follow the procedures in the Agreements in the event the barriers are not addressed. The enforcement provisions in my Agreements provide notice and an opportunity to cure lest the case be reopened and additional fees sought. Most of the time, the remediations are completed or a brief extension is granted. I did not raise the barrier remediation in my motion to reopen the case, because the time for performance had not yet expired.

  I must state, respectfully, that I am taken aback by this Order which presents an onerous task and undeserved punishment to the undersigned. In the future, I will bring any breach of contract action to state court. It is the Defendants who refuse to have the

court retain jurisdiction in these cases. I would place the settlement on the record in every case, if possible, or file the Agreement with the court, and it is the *Defendants* who refuse. Perhaps the law should be changed *requiring* court approval of the settlement agreements as it does in other fee shifting cases.

      I respectfully request confirmation that I am to follow-up with all of Plaintiff's cases filed since 2017, by another attorney, and also file proof (by affidavit?) that Plaintiff returned to each property and the barriers were addressed. If this is not correct, I would appreciate further direction. Thank you.

      Thank you.

      Respectfully Submitted,

      /s/<u>Jennifer E. Tucek</u>
        Attorney for Plaintiff